**Ainsworth HUNTER, Petitioner–Appellee,**

v.

**David MILLER, Superintendent of Eastern Correctional Facility, Respondent–Appellant.**

No. 04–3596.

United States Court of Appeals, Second Circuit.

Oct. 3, 2005.

Nhu P. Nguyen, Assistant District Attorney (Robert T. Johnson, District Attorney, Joseph N. Ferdenzi, Stanley R. Kaplan, Assistant District Attorneys, of counsel, on the brief), Bronx, NY, for Appellant.

Randa D. Maher (Jeffrey G. Pittell, on the brief), Great Neck, NY, for Appellee.

Present: STRAUB, SOTOMAYOR, Circuit Judges, and DANIELS, District Judge.\*

## SUMMARY ORDER

Respondent David Miller appeals from judgment entered on June 21, 2004, granting habeas relief to petitioner Ainsworth Hunter ("Hunter" or "petitioner"). We assume the parties' familiarity with the facts and procedural history of the case. We find the facts of this case to be materially indistinguishable from those in *Overton v. Newton,* 295 F.3d 270 (2d Cir.2002), where we held that the state court's determination that petitioner had failed to make a *prima facie* showing under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), was not an unreasonable application of Supreme Court precedent. As in *Overton,* petitioner raised a *Batson* challenge early in the jury selection process, before jury selection was completed or a record had been made. 295 F.3d at 279. Moreover, the "exclusion rate" that petitioner invokes, calculated by dividing the percentage of exercised challenges used against African–Americans by the percentage of African–Americans estimated to be in the pool, is lower here than it was in *Overton.*

The district court, however, granted the writ on the ground that the trial court precluded petitioner from developing the record to support his *Batson* claim, first by hearing petitioner's challenge off the record and second, through his hasty denial of that claim, by intimidating petitioner's attorney from making his record or raising additional *Batson* challenges later in the jury selection process. Although we are as deeply troubled as the district court by the practice followed by the state trial court of going off-the-record during jury selection, petitioner's attorney neither objected to this practice during the proceedings nor raised a challenge to the practice before the state appellate courts. As we held in *Overton,* it was petitioner's burden to make a record, *id.,* and he failed to do so.

With respect to whether the trial judge improperly cut short petitioner's *Batson* challenge, we note that the trial court simply sought to minimize discussion about what it opined to be a meritless objection. Nothing in the record indicates that the trial court, however, prevented petitioner's counsel from renewing his challenge or making a full record as the proceedings developed. Under these circumstances, we cannot say that the state court's conclusion was an unreasonable application of *Batson,* particularly where the grounds relied upon by the district court were not raised and the factual record was not developed before the state courts.

For the foregoing reasons, we VACATE the district court's grant of habeas relief and REMAND the case with instructions to enter judgment denying petitioner's application for a writ of habeas corpus.

---

\* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.